## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 20-218-3 |
| JUAN CARLOS ALEJANDRES, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Presently before the Court is Defendant Juan Carlos Alejandres' counseled Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), which is opposed by the Government. (Docket Nos. 1626, 1668). After careful consideration of the parties' arguments in light of the prevailing legal standards, and for the following reasons, Defendant's Motion will be denied, as the Court declines to exercise its discretion to reduce his sentence.

### I.    BACKGROUND

Pursuant to a plea agreement, on July 28, 2022, Defendant pled guilty to Count One of the Indictment in this case charging him with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846. (Docket Nos. 1046, 1048). The parties stipulated in the plea agreement that Defendant was responsible for at least 50 kilograms but less than 150 kilograms of cocaine. (Docket No. 1046-1, ¶ C.2).

After the PIR was issued, the Court entered its Tentative Findings and Rulings wherein it determined that Defendant was subject to a term of not less than 10 years to life imprisonment. (Docket No. 1153 at 3). However, because it was determined that Defendant met the criteria for the safety valve, 18 U.S.C. §§ 3553(f)(1)-(5), the Court indicated that it could impose a sentence in

1

accordance with the applicable guidelines without regard to the statutory minimum term of imprisonment.  (*Id.*).  In calculating the advisory guideline range, the Court determined that Defendant's total offense level was 29.  (*Id.*).  The Court further found that Defendant had a criminal history score of zero, which resulted in a criminal history category of I.  (*Id.*).  Based on those findings, Defendant's advisory guideline range was 87 to 108 months' imprisonment.  (*Id.*).

At the sentencing hearing held on January 12, 2023, Defendant moved for a downward variance, whereas the Government advocated that the Court should impose a sentence within the advisory guideline range.  (Docket Nos. 1178, 1180, 1247).  Ultimately, the Court denied Defendant's motion for a downward variance, and sentenced him to 87 months' imprisonment followed by a 3-year term of supervised released.  (Docket Nos. 1247, 1249).  The Court explained why the sentence adequately addressed the nature and circumstances of Defendant's offense, as well as his history and background, and that it was sufficient, but not greater than necessary, to meet the goals of sentencing under the factors in 18 U.S.C. § 3553(a).[1]  To that end, the Court commented on the serious nature of Defendant's criminal conduct, which involved his participation in a drug trafficking organization ("DTO") whose members distributed hundreds of kilograms of cocaine.  To briefly summarize, the cocaine was obtained from a source of supply in Mexico, and DTO members distributed it in Pennsylvania, California, Arizona and elsewhere. Intercepted communications between co-defendant Maragh and his Mexican source of cocaine supply revealed that the supply source worked in concert with the Defendant and co-defendants Silvestre and Bravo to distribute a very substantial quantity of cocaine in Los Angeles, California to Maragh and his associates for redistribution elsewhere, including in this District. The Court

---

[1]     An official transcript of the sentencing hearing has not been filed on the docket in this case.   Therefore, the Court summarizes its reasons for imposing the 87-month term of imprisonment by reference to an unofficial draft of the transcript.

observed that cocaine trafficking activity of this magnitude negatively affects communities and severely impacts individuals who become addicted to such a dangerous controlled substance.

The Court also considered Defendant's personal history and characteristics, including that he had no prior criminal history,[2] he accepted responsibility for his offense by his guilty plea, and he was remorseful for his conduct.   Among other matters related to Defendant's history and background, the Court observed that he has a very supportive family, he was in his mid-20's when he was involved in the offense conduct, he graduated from high school and had steady prior employment as a construction laborer, and he did not abuse drugs, but he struggled with alcohol use.   (*See* Docket No. 1137, ¶¶ 43, 46, 52, 53, 55, 59, 60).

Additionally, the Court explained that the 87-month sentence of imprisonment was appropriate considering the kinds of sentences available, the advisory guideline range, and the need to avoid sentencing disparities.   Finally, the Court explained that the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, serves the interest of protecting the public from further crimes of Defendant, and meets the goals of first and third-party deterrence.

As noted, Defendant now moves for a sentence reduction based on Amendment 821 to the Guidelines, which the Sentencing Commission determined applies retroactively.   (Docket No. 1626, ¶¶ 5, 7).   As Defendant points out, effective November 1, 2023, the Sentencing Commission created Guideline § 4C1.1 to provide for a two-level decrease from the offense level for certain offenders who did not receive any criminal history points.   (*Id.*, ¶ 5).

Defendant submits that he is eligible for relief under Amendment 821 because he was

---

2       On this point, the Court noted that Defendant's lack of prior criminal history was adequately accounted for in the calculation of the advisory guideline range, as well as his eligibility for application of the safety valve.

determined to have zero criminal history points and he otherwise meets the criteria of Guideline §

4C1.1.   (Docket No. 1626 at 4).   As a result of the two-level decrease, Defendant's total offense

level is reduced from 29 to 27.   (*Id.*).   Based on a total offense level of 27, and a criminal history

category of I, the advisory guideline range is 70 to 87 months' imprisonment, instead of 87 to 108

months as previously computed.   (*Id.*).   Consequently, Defendant requests that the Court reduce

his sentence from 87 months' imprisonment to 70 months.   (*Id.* at 5).   Defendant contends that a

sentence reduction is consistent with the applicable policy statement in Guideline § 1B1.10 and the

relevant factors under 18 U.S.C. § 3553(a).   (*Id.* at 5-6).   Specifically, Defendant maintains that

the modest 17-month sentence reduction he seeks is sufficient to meet the goals of sentencing for

reasons previously set forth in his Sentencing Memorandum, as well as the fact that he has

productively used his time in federal custody.   (*Id.*).

      The Government opposes Defendant's Motion for a sentence reduction.   (*See generally*

Docket No. 1668).   The Government does not dispute that Defendant meets the criteria of

Guideline § 4C1.1 and therefore would qualify for a two-level decrease to his offense level.   (*Id.*

at 6).   Accordingly, the Government agrees that Defendant's offense level would drop from 29 to

27, reducing the advisory guideline range from 87 to 108 months' imprisonment to 70 to 87

months.   (*Id.*).   Despite Defendant's eligibility for a sentence reduction, the Government urges

the Court to deny his Motion because the previously imposed sentence of 87 months'

imprisonment still falls within the modified guideline range, and the relevant § 3553(a) factors do

not support a reduction.   (*Id.* at 6-9).

      After considering the parties' respective positions set forth in the briefing and reviewing

the record, the Court declines to exercise its discretion to reduce Defendant's sentence for the

reasons explained below.

## II.   <u>LEGAL STANDARD</u>

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."  *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see Dillon v. United States,* 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.' ") (quoting 18 U.S.C. § 3582(c)(2)). However, § 3582(c)(2) allows for a reduction in the case of a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see Dillon*, 560 U.S. at 825 (observing that § 3582(c)(2) gives courts the power to reduce or modify an otherwise final sentence in circumstances specified by the Sentencing Commission).  The "applicable policy statements" referenced in § 3582(c)(2) are those found in  § 1B.10 of the Sentencing Guidelines.  *See* U.S.S.G.  § 1B1.10(a)(1). Additionally, in determining whether a reduction is warranted, § 3582(c)(2) directs the court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(2).

To summarize, a district court must engage in a two-step inquiry to determine whether a sentence reduction is warranted under § 3582(c)(2).  *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id.* at 827.  To that end, Guideline § 1B1.10(b)(1) requires the court to " 'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing . . . 'leav[ing] all other guideline application decisions unaffected.' " *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)).  Next, "[a]t step two of the

inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[3]  *Id.*; *see also* U.S.S.G. § 1B1.10, Application Note 1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. . . .").

### III.    <u>ANALYSIS</u>

The Court now turns to the two-step inquiry to determine whether a sentence reduction is warranted here.   Initially, there is no dispute that Defendant is eligible for a sentence modification under Amendment 821 because newly created Guideline § 4C1.1 provides for a two-level decrease to the offense level for a zero-point offender, like him, who meets all the criteria of Guideline §§ 4C1.1(a)(1) - (a)(10).   *See* U.S.S.G. § 4C1.1(a) ("If the defendant meets all of the [listed] criteria[4] … decrease the offense level determined under Chapters Two and Three by 2 levels.").   As a result, if Amendment 821 had been in effect when Defendant was sentenced, his total offense level

---

3        Given that § 3582(c)(2) proceedings are limited in nature, § 1B1.10(b)(2) "confines the extent of the reduction authorized."  *Dillon*, 560 U.S. at 827.  Accordingly, a court "generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution."  *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(A)).  "Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 3582(c)(2) authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range."  *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(B)).

4        The listed criteria include the following: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.  U.S.S.G. §§ 4C1.1(a)(1) – (a)(10).

would have been 27, instead of 29.  Based on an offense level of 27, and a criminal history category of I, Defendant's advisory guideline range would have been 70 to 87 months' imprisonment, instead of 87 to 108 months as previously calculated.

Moving on to step two of the inquiry, the Court considers the applicable § 3553(a) factors to determine whether, in its discretion, a reduction is warranted under the circumstances of Defendant's case. *Dillon*, 560 U.S. at 827; U.S.S.G. § 1B1.10, Application Note 1(B)(i).   In determining whether to exercise its discretion, the Court also considers Defendant's risk to public safety and his post-sentencing conduct.  *See* U.S.S.G. 1B1.10, Application Note 1(B)(ii), (iii) (specifying that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[,]" and "[t]he court may consider [the defendant's] post-sentencing conduct" in determining whether a reduction is warranted).

At the outset, the Court has carefully examined the § 3553(a) factors and finds that the nature and circumstances of the offense, Defendant's history and characteristics and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct" do not justify a sentence reduction here.  18 U.S.C. §§ 3553(a)(1); 3553(a)(2)(A)-(B).  In so ruling, the Court reiterates the reasons previously stated at the sentencing hearing and discussed above for imposing the 87-month term of imprisonment.  To summarize, Defendant engaged in extremely serious criminal conduct by conspiring with other members of the DTO to distribute a substantial quantity of cocaine.   As such, the sentence imposed is necessary and appropriate to reflect the seriousness of the offense, to promote respect for the law, to adequately deter Defendant from engaging in additional criminal conduct, and to deter third parties who may be

inclined to engage in drug trafficking activity.   Each of these factors previously discussed by the Court remain relevant and counsel against granting the sentence reduction Defendant now seeks.

Next, "consideration of public safety also counsels against a sentence reduction here." *United States v. Strothers*, Crim. No. 21-385-21, 2024 WL 493281, at *5 (W.D. Pa. Feb. 8, 2024).   Defendant engaged in cocaine trafficking activity, which "can produce horrible consequences for individuals who become addicted to [that] drug[], thereby creating a significant danger to the community . . . ."   *Id.*; *see also United States v. Bastianelli*, Crim. No. 17-305, 2018 WL 1015269, at *8 (W.D. Pa. Feb. 22, 2018) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of significant quantities of very dangerous and addictive drugs . . . .").   Finally, although Defendant has undertaken laudable post-sentencing conduct, including participating in vocational and drug treatment programs,[5] working as an orderly, and remaining free of disciplinary infractions, (*see* Docket No. 1626 at 6), the Court does not believe that this factor warrants the sentence reduction he seeks considering the relevant § 3553(a) discussed herein.   *See Pepper v. United States*, 562 U.S. 476, 505 n.17 (2011) ("Of course, we do not mean to imply that a district court must reduce a defendant's sentence upon any showing of postsentencing rehabilitation.").

---

[5]      Defendant has never participated in treatment for his alcohol abuse, and he previously expressed that he would be interested in receiving treatment while he is incarcerated because he would like "to come out [of imprisonment] as a better person and not waste money on a bottle of liquor."   (Docket No. 1137, ¶ 54).   Given Defendant's desire to address his past alcohol use, he is encouraged to take advantage of the Residential Drug Abuse Program, which the Bureau of Prisons is making available to him, (*see* Docket No. 1626 at 6), as well as any available vocational and/or educational opportunities, so that he is best positioned to contribute positively to his community when he is released from custody.

IV.    **CONCLUSION**

In summary, Defendant is eligible for a sentence modification under Amendment 821 because he is entitled to a two-level decrease to his offense level given that he qualifies as a zero-point offender under Guideline § 4C1.1(a).   As a result, his advisory guideline range would be reduced from 87 to 108 months' imprisonment to 70 to 87 months.   After considering the relevant factors under 18 U.S.C. § 3553(a), as well as public safety and Defendant's post-sentencing conduct, the Court declines to exercise its discretion to reduce his sentence of 87 months' imprisonment to 70 months as he requests.   The 87-month term of imprisonment imposed remains sufficient, but not greater than necessary, to meet the goals of sentencing for the reasons previously detailed on the sentencing record and discussed again herein.   Accordingly, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Docket No. 1626), is DENIED.

An appropriate Order follows.

<em>s/ W. Scott Hardy</em><br>
W. Scott Hardy<br>
United States District Judge

Date:          March 25, 2024

cc/ecf:        All counsel of record